UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **D'AQUIN** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-12798** |
| **STARWOOD, et al.** | **SECTION: G(4)** |

## ORDER

Before the Court is Defendant Senate Hospitality Group, LLC's ("Senate") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12"[1] filed on its own behalf and on behalf of Defendant Westin Hotels. Senate is one of three defendants, along with Starwood and Westin Hotels, named by Plaintiff Thomas L. D'Aquin ("Plaintiff") in a suit alleging negligence on the part of Defendants.

## I. Background

In his original and amended complaints, Plaintiff, a *pro se* litigant proceeding in *forma pauperis*, appears to allege that his spouse slipped on water leaking from a toilet in his hotel room at the Westin Hotel in Memphis.[2] Plaintiff further alleges that his spouse sustained serious injuries as a result of the fall.[3] Because of the accident, Plaintiff alleges, his spouse returned to England to receive treatment for her injuries, and the separation and financial strain caused the Plaintiff and his wife to separate.[4] Plaintiff seeks to recover $10 million per defendant "for pain and suffering, deprivation of rights, Loss [sic] of ability to continue life's work and permanent homelessness

---

[1] Rec. Doc. 11.

[2] Rec. Doc. 6 at 1; *see also* Rec. Doc. 1 at 2.

[3] Rec. Doc. 6 at 2.

[4] *Id*.

1

rehabilitation and what amounts into terms of laws in 9 states alimentation [sic] of affection."[5]

The pending motion was filed by Senate on October 4, 2016, and set for submission on October 26, 2016.[6] Pursuant to Local Rule 7.5, any opposition to a motion must be filed eight days before the noticed submission date. Accordingly, an opposition to the pending motion was due no later than October 17, 2016. Plaintiff has filed no opposition at this time, and therefore, the motion is deemed to be unopposed. This Court has authority to grant a motion as unopposed, although it is not required to do so.[7]

## II. Defendant Senate's Arguments in Support of the Motion to Dismiss

To start, Senate asserts that the hotel described in Plaintiff's complaints and purportedly named as a defendant, the Westin Memphis Beale Street, is a trade name and/or service mark that is not capable of being sued.[8] Senate goes on to argue that Senate's dismissal from this case is warranted because it is not subject to personal jurisdiction before the Court.[9] Senate avers that there are two bases under which the Court may obtain jurisdiction over a non-resident defendant: (1) specific jurisdiction, which requires a fact intensive inquiry into the connections between the non-resident defendant and the forum and (2) general jurisdiction, which requires a showing of

---

[5] *Id.*; *see also* Rec. Doc. 1 at 3.

[6] Rec. Doc. 11.

[7] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 356 (5th Cir. 1993).

[8] Rec. Doc. 11-1 at 1 n.1. (citing *La. Acorn Fair Hous. v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. 1997) (citing *Guidry v. City of Houma*, 471 So. 2d 1056, 1058 (La. App. 1 Cir. 1985)); Rec. Doc. 11-2 at 2.

[9] *Id.* at 5.

substantial, continuous, and systematic contacts between a non-resident defendant and the forum.[10] According to Senate, because none of the actions giving rise to Plaintiff's claims are alleged to have occurred in Louisiana and there has been no showing that Senate maintains "extensive contacts" with the forum, there is no basis for the Court to exercise specific or general personal jurisdiction over Senate and the claims against it should be dismissed under Federal Rule of Civil Procedure 12(b)(2).[11]

Next, Senate argues that Plaintiff's claims should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), because they are predicated on an alienation of affection claim, which is not cognizable under Louisiana tort law.[12] Because, Senate asserts, an alienation of affection claim is the only claim that Plaintiff's complaints may be fairly read to allege and no set of facts that Plaintiff could prove would allow him to succeed on this claim, Plaintiff's suit should be dismissed in its entirety.[13] Senate further argues that Plaintiff's claims are prescribed, because a claim for alienation of affection is a delictual claim under Louisiana law and delictual actions are subject to a one-year prescriptive period.[14] According to Senate, Plaintiff's complaints allege that Plaintiff's spouse has been in England for 13 months and that a year long separation caused the breakup of

---

[10] *Id.* at 6 (citing *Pervasive Software, Inc. v. Lexware GmbH & Co. Kg.*, 688 F.3d 214, 220 (5th Cir. 2012); *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008); *Bowles v. ranger Land Systems, Inc.*, 527 Fed. App'x. 319, 321 (5th Cir. 2013)).

[11] *Id.* at 7-8 (citing *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 413 (1984); *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009)).

[12] *Id.* at 9 (citing *Moulin v. Monteleone*, 165 La. 169 (1927); *James v. Woods*, 21 F. Supp. 3d 644, 650 (E.D. La. 2014)).

[13] *Id.*

[14] *Id.* at 10 (citing *Woods*, 21 F. Supp. 3d at 650; La. Civ. Code art. 3492).

Plaintiff's marriage, indicating that a year has passed and Plaintiff's claims are prescribed.[15] Additionally, Senate notes that Plaintiff filed a previous suit based on the same facts in June of 2015 and did not file this suit until July of 2016.[16] Because Plaintiff's claims are clearly prescribed, Senate argues, dismissal is appropriate.[17]

Senate next argues that Plaintiff has failed to plead "specific factual allegations that, accepted as true, raise a right to relief above the speculative level."[18] In this case, Senate argues, there is a complete absence of any allegations against Senate, leaving it to guess as to the nature of the claims against it.[19] Because this kind of speculative pleading is prohibited, Senate maintains, Plaintiff's claims should be dismissed.[20] Finally, Senate argues that Plaintiff's suit should be dismissed with prejudice, because Plaintiff can plead no set of facts that could cure the complaint's deficiencies and amendment to his complaint would be futile.[21]

### III. Law and Analysis

#### A.   *Legal Standard*

Federal Rule of Civil Procedure 12(b)(2) provides for dismissal of a plaintiff's claims if there

---

[15] *Id.*

[16] *Id.*

[17] *Id.* at 11.

[18] *Id.* at 12 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[19] *Id.* at 12.

[20] *Id.*

[21] *Id.* at 13.

is a lack of personal jurisdiction over a defendant.[22] The party seeking to invoke the power of the Court bears the burden of establishing personal jurisdiction but is required to present only prima facie evidence.[23] In determining whether a prima facie case exists, the Court must accept as true Plaintiff's uncontroverted allegations and resolve in his favor all conflicts between the jurisdictional facts contained in the parties' affidavits and other documentation.[24] A federal court sitting in diversity must satisfy two requirements to exercise personal jurisdiction over a nonresident defendant: (1) the forum state's long-arm statute must confer personal jurisdiction and (2) the exercise of jurisdiction must not exceed the boundaries of the Due Process Clause of the Fourteenth Amendment.[25] The limits of the Louisiana long-arm statute are coextensive with constitutional due process limits, so the relevant inquiry is whether subjecting a defendant to suit in Louisiana would be consistent with the Due Process Clause of the Fourteenth Amendment.[26]

A court may exercise jurisdiction over a non-resident on the basis of specific or general jurisdiction.[27] Specific jurisdiction requires a plaintiff to demonstrate that: "(1) there are sufficient (*i.e.*, not random, fortuitous, or attenuated) pre-litigation connections between the non-resident defendant and the forum; (2) the connection has been purposefully established by the defendant; and

---

[22] *See Ruhrgas AG v. Marathon Oil* Co., 526 U.S. 574, 584 (1999); *Companion Property and Cas. Ins. Co. v. Palermo*, 723 F.3d 557, 559 (5th Cir. 2013).

[23] *Pervasive Software, Inc. v. Lexware GmbH & Co. Kg*., 688 F.3d 214, 219 (5th Cir. 2012) (citing *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006)).

[24] *Id.* (citing *Freudensprung v. Offshore Technical Servs., Inc*., 379 F.3d 327, 343 (5th Cir. 2004) (internal quotations omitted).

[25] *Id.* (citing *Mink v. AAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)).

[26] *See Jackson v. Tanfoglio Giuseppe, SRL*, 615 F.3d 579, 584 (5th Cir. 2010).

[27] *Pervasive Software*, 688 F.3d at 221.

(3) the plaintiff's cause of action arises out of or is related to the defendant's forum contacts."[28] If a plaintiff makes such a showing, the defendant can then defeat the exercise of specific jurisdiction by showing that it would nevertheless fail the basic fairness test.[29] General jurisdiction requires a showing of substantial, continuous, and systematic contacts between a non-resident defendant and a forum.[30] "The continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."[31]

*B. Analysis*

Senate first argues that Westin Hotel is a trade name and/or service mark and is, thus, not capable of being sued.[32] Article 736 of the Louisiana Code of Civil Procedure provides that "a person who does business under a trade name is the proper defendant in an action to enforce an obligation created by or arising out of the doing of such business."[33] Louisiana courts have held that a trade name has "no separate existence apart from the individual doing business under that trade name."[34] Moreover, a trade name is not a separate entity capable of being sued.[35] Given that Westin Hotel is

---

[28] *Id.* at 222.

[29] *Id.*

[30] *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Helicopteros Nacionales de Colombia*, 466 U.S. at 414-419).

[31] *Id.* (citing *Submersible Sys., Inc. v. Perforadora Cent., S.A.*, 249 F.3d 413, 419 (5th Cir. 2001)).

[32] Rec. Doc. 11 at 1 n.1, Rec. Doc. 11-2 at 2.

[33] La. Civ. Code art. 736; *see Louisiana Action Fair Housing v. Quarter House*, 952 F. Supp. 352, 355 (E.D. La. 1997).

[34] *Quarter House*, 952 F. Supp. at 355 (citing *Trombley v. Allstate Insurance Co.*, 640 So.2d 815, 817 (La. App. 3 Cir. 1994).

[35] *Id.*; *see also Gebreyesus v. F.C. Schaffer & Associates, Inc.*, 204 F.3d 639, 644 (5th Cir. 2000) (recognizing that if entity was simply a trade name, it would not have a separate legal existence from the individual

a trade name and a trade name is not a separate entity capable of being sued under Louisiana law, the Court grants Senate's motion to dismiss Westin Hotel as a defendant.

Senate next argues that Plaintiff's suit should be dismissed because the Court does not have personal jurisdiction over Senate.[36] In Plaintiff's complaints, he alleges that he is located in Louisiana and that Defendants are located in Nashville, Tennessee and Stamford, Connecticut.[37] Plaintiff alleges that his wife was injured as a result of a leaking toilet in Defendant's hotel in Memphis.[38] Even construing Plaintiff's complaints liberally, he has not alleged any facts suggesting that his cause of action "arises out of or is related to" Senate's contacts with the forum.[39] Accordingly, the Court does not have specific personal jurisdiction over Senate.[40] Turning to the question of general jurisdiction, the Fifth Circuit has instructed that the "continuous and systematic contacts test is a difficult one to meet, requiring extensive contacts between a defendant and a forum."[41]

The declaration of Senate President and Chief Executive Officer Glenn Malone indicates that Senate is a Tennessee limited liability company with no mailing address or agent for service of

---

doing business under that trade name and would not be able to enter into contracts).

[36] Rec. Doc. 11-1 at 5.

[37] Rec. Doc. 6 at 1.

[38] *Id.*

[39] *Pervasive Software, Inc. v. Lexware GmbH & Co. Kg.*, 688 F.3d 214, 219 (5th Cir. 2012).

[40] *Id.*

[41] *Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (internal citation omitted).

process in Louisiana.[42] Moreover, Senate asserts that it does not have a bank account or similar financial account in Louisiana, does not own or operate any facilities in Louisiana, does not advertise or solicit business for itself in Louisiana, does not currently transact any business in Louisiana, does not derive revenue directly from products created or sold or services rendered in Louisiana, and does not own, use, or possess rights to any real property located in Louisiana.[43] Plaintiff has not submitted any evidence, either in his complaints or in affidavits, that controvert the evidence presented by Senate or suggest that Defendant has any contacts with Louisiana. Therefore, the Court finds that Plaintiff has failed to presented prima facie evidence that Senate has "substantial, continuous, or systematic" contacts with Louisiana, while Senate has presented evidence that it lacks the required contacts for general personal jurisdiction.[44] As a result, the Court finds that it does not have general personal jurisdiction over Senate.[45] Plaintiff's claims against Senate must be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(2).[46]

Accordingly,

---

[42] Rec. Doc. 11-2 at 2. On a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2), the Court may consider affidavits in addition to the pleadings. The allegations of the complaint, except as controverted by the defendant's affidavits, must be taken as true, and conflicts of fact must be resolved in favor of the plaintiff. *See Brown v. Flower Industries, Inc.*, 688 F.2d 328, 332 (5th Cir. 1982).

[43] Rec. Doc. 11-2 at 2.

[44] *Johnston*, 523 F.3d at 609 (internal citation omitted).

[45] *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (holding that the Due Process Clause protects an individual's liberty interest in not being subject to binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations") (citing *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 319 (1945)); *see also Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 215 (5th Cir. 2000) (holding that under the Federal Rules of Civil Procedure, a federal court in a diversity case may exercise jurisdiction over a nonresident defendant only if permitted by state law and the Due Process Clause of the Fourteenth Amendment).

[46] Because the Court finds that it does not have personal jurisdiction over Senate, it does not address its other arguments regarding the timeliness of Plaintiff's claims or the sufficiency of Plaintiff's complaint.

**IT IS HEREBY ORDERED** that Defendant Senate Hospitality Group, LLC's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12"[47] is **GRANTED** and Plaintiff's claims against Defendants Senate Hospitality Group, LLC and Westin Hotels in the above captioned matter are **DISMISSED WITH PREJUDICE**, with each party to bear its own costs.

**NEW ORLEANS, LOUISIANA**, this 31st day of October, 2016.

_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[47] Rec. Doc. 11.