| | |
|---|---|
| **THOMAS D'AQUIN** | **CIVIL ACTION** |
| **VERSUS** | **NO.  16-12798** |
| **STARWOOD, et al.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendant Starwood Hotels & Resorts Worldwide, LLC's ("Starwood") "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12."[1] Having considered the motion, the memoranda in support and in opposition, the complaint, the amended complaint, and the applicable law, the Court grants the motion in part to the extent that it requests dismissal of Plaintiff's claim for alienation of affection, denies the motion in part to the extent that it requests dismissal of the action in its entirety, and grants Plaintiff leave to file a more definite statement.

## I. Background

In his original and amended complaints, Plaintiff, a *pro se* litigant proceeding *in forma pauperis*, appears to allege that his spouse slipped on water leaking from a toilet in a hotel room at the Westin Hotel in Memphis, Tennessee, which Plaintiff alleges was managed by Defendants Starwood and Senate Hospitality.[2] Plaintiff further alleges that his spouse sustained serious injuries as a result of the fall.[3] Additionally, Plaintiff alleges that he was treated poorly by Defendants

---

[1] Rec. Doc. 16.

[2] Rec. Doc. 6 at 1; *see also* Rec. Doc. 1 at 2.

[3] Rec. Doc. 6 at 2.

because of the color of his spouse's skin.[4] Because of the accident, Plaintiff alleges, his spouse returned to England to receive treatment for her injuries, where she has been for 13 months.[5] Plaintiff appears to allege that the separation from his spouse has caused "the breakup of the marriage" and homelessness because he cannot be with his spouse.[6] Plaintiff seeks to recover $10 million per defendant "for pain and suffering, deprivation of rights [,] [l]oss of ability to continue life's work and permanent homelessness rehabilitation and what amounts into terms of laws in 9 states alimentation [*sic*] of affection."[7]

Plaintiff filed the complaint in this matter on July 15, 2016, and filed an amended complaint on September 8, 2016, before Defendants had filed an answer or motion to dismiss.[8] On October 31, 2016, the Court granted Defendant Senate Hospitality Group, LLC's motion to dismiss for failure to state a claim.[9] The sole remaining Defendant in the litigation is Starwood. The pending motion was filed by Starwood on October 21, 2016.[10] Plaintiff filed an opposition to the motion on November 2, 2016.[11]

---

[4] Rec. Doc. 1 at 1.

[5] Rec. Doc. 1 at 2.

[6] Rec. Doc. 6 at 2.

[7] *Id.*; *see also* Rec. Doc. 1 at 3.

[8] Rec. Docs. 1, 6.

[9] Rec. Doc. 18.

[10] Rec. Doc. 16.

[11] Rec. Doc. 19.

## II. Parties' Arguments

### A.    Starwood's Arguments in Support of the Motion to Dismiss

In its motion, Starwood argues that Plaintiff's claims against them should be dismissed pursuant to Rule 12(b)(6) on four bases.[12] First, Starwood argues that Plaintiff's claims against Starwood are barred under *res judicata* due to the final judgment entered by another section of this Court in a case previously brought by Plaintiff.[13] However, Starwood also asserts in a footnote that it is not moving to dismiss Plaintiff's claims on *res judicata* grounds at this time but might move for summary judgment on that basis if necessary.[14] Second, Starwood argues that Plaintiff attempts to plead a claim for alienation of affection, which is not recognized under Louisiana law.[15] Third, Starwood argues that Plaintiff's claims are prescribed.[16] Fourth, Starwood contends that Plaintiff fails to plead facts that suggest a right to relief "above the speculative level, as required by the Supreme Court in *Twombly, Iqbal*, and their progeny."[17]

### B.    Plaintiff's Opposition to the Motion

In opposition, Plaintiff contends that there are factual disputes at issue; however, he argues that he has sufficiently stated why Defendants are responsible for his damages.[18] According to Plaintiff, Defendants are supposed to keep a business "clean, safe, and free from hidden invisible

---

[12] Rec. Doc. 16-1 at 4.

[13] *Id.*

[14] *Id.* at 3 n.2.

[15] *Id.* at 4.

[16] *Id.*

[17] *Id.*

[18] Rec. Doc. 19 at 1.

slippery surfaces."[19] Plaintiff argues that Starwood's assertions that the facts in the complaints are incorrect should not be considered at this time.[20] Plaintiff notes that he has requested "prepaid fees" for an expert witness to be flown in from England to "verify the facts" in the case.[21] According to Plaintiff, "[t]he Alienation of Affection maybe [*sic*] the basis or examples of lose [*sic*] caused when the negligence causes an injury and no attempt to correct the matter takes place."[22] Plaintiff further contends that Defendants "put a road block" in place to cause the parties to suffer, which led to loss of consortium and the eventual departure of Plaintiff's spouse from the United States.[23] According to Plaintiff, he became homeless and suffered "many mental health issues" as a result of the loss of his partner.[24]

### III. Law and Analysis

**A.** *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[25] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[26] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that

---

[19] *Id.* at 1–2.

[20] *Id.* at 2.

[21] *Id.*

[22] *Id.*

[23] *Id.*

[24] *Id.*

[25] Fed. R. Civ. P. 12(b)(6).

[26] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

is plausible on its face.'"[27] "Factual allegations must be enough to raise a right to relief above the speculative level."[28] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[29]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[30] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[31] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[32] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[33] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[34] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[35] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of

---

[27] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[28] *Twombly*, 550 U.S. at 556.

[29] *Id.* at 570.

[30] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[31] *Iqbal*, 556 U.S. at 677–78.

[32] *Id.* at 679.

[33] *Id.* at 678.

[34] *Id.*

[35] *Id.*

the asserted claims.[36] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[37]

## B. *Analysis*

As an initial matter, the Court notes that it interprets pleadings and briefs of *pro se* litigants liberally "to afford all reasonable inferences which can be drawn from them."[38] The Court notes that Starwood first argues that Plaintiff's claims are barred by *res judicata*, as the claims in a prior action brought by Plaintiff arose out of the same facts alleged in the instant suit and were already adjudicated by another section of this Court.[39] However, Starwood also asserts in a footnote that it is not seeking dismissal on the basis of *res judicata* at this time.[40] Accordingly, the Court will not grant the motion to dismiss on the basis of *res judicata*.

Starwood next argues that Plaintiff's action should be dismissed, because a claim for alienation of affection is not recognized under Louisiana law and this is the only claim that Plaintiff's complaints "may be fairly read to assert."[41] Indeed, the Louisiana Civil Code does not provide a cause of action for alienation of affection, and the Louisiana Supreme Court has held

---

[36] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[37] *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, C.J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)); *Carbe v. Lappin*, 492 F.3d 325, 328 n. 9 (5th Cir. 2007).

[38] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[39] Rec. Doc. 16-1 at 4.

[40] *Id.* at 3 n.2.

[41] Rec. Doc. 16-1 at 8.

that alienation of affection claims are not cognizable under Louisiana tort law.[42] Thus, such a claim fails as a matter of law.

However, construing Plaintiff's complaint liberally, the Court finds that Plaintiff also attempts to assert a claim for loss of consortium, which is cognizable under Louisiana law.[43] The Court notes that Plaintiff's complaint alleges that his spouse suffered an injury, allegedly due to Defendants' negligence, and that due to this injury, Plaintiff's spouse had to return to England to receive medical care and treatment.[44] Construing the complaints liberally, Plaintiff appears to allege that he suffered loss of consortium due to the physical injury allegedly sustained by his spouse and her return to England.[45] Moreover, the Court notes that in his opposition, Plaintiff argues that he suffered loss of consortium as a result of Defendants' actions.[46]

A claim for loss of consortium sounds in tort and is therefore subject to a one-year prescriptive period.[47] Pursuant to Louisiana Civil Code article 3492, the one-year prescriptive period begins to run "from the day injury or damage is sustained."[48] A claim for loss of consortium

---

[42] *See Moulin v. Monteleone*, 165 La. 169, 115 So. 447, 456 (La. 1927) (holding that the Louisiana Civil Code provides no action for alienation of affection and determining that such an action would lead to negative public policy outcomes), *abrogated on other grounds by 9 to 5 Fashions, Inc. v. Spurney*, 508 So.2d 228 (La. 1989). *See also* 12 La. Civ. L. Treatise, Tort Law § 4:7 (2d ed.) (noting that a claim for alienation of affection is not recognized in Louisiana).

[43] *See* La. Civ. Code art. 2315(B) ("Damages may include loss of consortium, service, and society . . ."). *See also Ferrell v. Fireman's Fund Ins. Co.*, 696 So.2d 569, 573 (La. 1997) ("It is well settled that a cause of action exists for loss of consortium.").

[44] Rec. Doc. 1 at 2.

[45] *Id. See also* Rec. Doc. 6 at 1.

[46] *See* Rec. Doc. 19 at 2.

[47] La. Civ. Code art. 3492.

[48] *Id.*

is derivative of the injuries allegedly sustained by a plaintiff's spouse.[49] Thus, a cause of action for

loss of consortium starts to accrue when "a plaintiff suffers the actual loss of consortium."[50]  A

statute of limitations defense may be raised in a motion to dismiss pursuant to Rule 12(b)(6), and

such a motion should not be granted unless "it appears beyond doubt that the plaintiff can prove

no set of facts in support of his claim which would entitle him to relief."[51] Here, Plaintiff alleges

that his damages arose out of his spouse's slip and fall in a hotel bathroom and her subsequent

departure from the country.[52] In Plaintiff's original complaint, filed on July 15, 2016, Plaintiff

alleges that his spouse "has been in England for 13 months receiving treatment."[53] In Plaintiff's

amended complaint, Plaintiff alleges that Defendants' lack of responsibility caused a "yearlong

inquiry" which took his spouse out of the country for treatment.[54]

Although Plaintiff's complaint could be interpreted as prescribed on its face, the Court

notes that neither the original complaint nor the amended complaint alleges the date that Plaintiff's

injury occurred.[55] Moreover, the Court notes that in opposition to the motion, Plaintiff argues that

"Defendants tried at every turn to make sure that after the negligence they put a road block in to

---

[49] *See Ferrell v. Fireman's Fund Ins. Co.*, 696 So.2d 569, 576 (La. 1997) (holding that "loss of consortium is derivative of the primary victim's injuries").

[50] *Landry v. Avondale Indus., Inc.*, 864 So.2d 117, 122 (La. 2003). *See also* La. Prac. Civ. Pretrial § 6:57 (2016–2017 ed.) (noting that a cause of action for loss of consortium accrues at the point that the "plaintiff suffers an actual loss of consortium, which has been held to occur at the time the injured party's condition deteriorates to such an extent that his family is actually deprived of his consortium, service or society").

[51] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

[52] *See* Rec. Doc. 1 at 1, Rec. Doc. 6 at 1.

[53] Rec. Doc. 1 at 2.

[54] Rec. Doc. 6 at 2.

[55] *See id.*, Rec. Doc. 1.

make sure all parties suffered as much as possible and could [not] seek a remedy."[56] It is unclear from the opposition when such actions on the part of Defendants occurred or whether any such action interfered with Plaintiff's ability to timely file suit. The Court is mindful of Plaintiff's *pro se* status, as well as the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[57] Moreover, as noted *supra*, the Fifth Circuit has also instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[58] Therefore, the Court will deny the pending motion to the extent that it requests dismissal of the action in its entirety and allow Plaintiff fourteen days to file a more definite statement of his claims. Specifically, the Court grants Plaintiff leave to: (1) advise the Court of the date that the injury occurred; (2) identify any actions, if any, which could have prevented Plaintiff from discovering the injury; and (3) advise the Court if Plaintiff is making any claim not in tort or delictual in nature.

## IV. Conclusion

The Court finds that Plaintiff's claim for alienation of affection fails as a matter of law, as a claim for alienation of affection is not recognized under Louisiana law.[59] Accordingly, the Court grants the motion to the extent that it requests dismissal of Plaintiff's claim for alienation of

---

[56] Rec. Doc. 19 at 2.

[57] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[58] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

[59] *See Moulin v. Monteleone*, 165 La. 169, 115 So. 447, 456 (La. 1927) (holding that the Louisiana Civil Code provides no action for alienation of affection and determining that such an action would lead to negative public policy outcomes), *abrogated on other grounds by 9 to 5 Fashions, Inc. v. Spurney*, 508 So.2d 228 (La. 1989). *See also* 12 La. Civ. L. Treatise, Tort Law § 4:7 (2d ed.) (noting that a claim for alienation of affection is not recognized in Louisiana).

affection. The Court is mindful, however, of Plaintiff's *pro se* status, as well as the Fifth Circuit's instruction that a motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted."[60] Moreover, the Fifth Circuit has also instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[61] Therefore, the Court will deny the pending motion to the extent that it requests dismissal of the action in its entirety and grant Plaintiff fourteen days to file a more definite statement. Specifically, the Court grants Plaintiff leave to: (1) advise the Court of the date that the injury occurred; (2) identify any actions, if any, which could have prevented Plaintiff from discovering the injury; and (3) advise the Court if Plaintiff is making any claim not in tort or delictual in nature.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Starwood's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12"[62] is **GRANTED IN PART** to the extent that it requests dismissal of Plaintiff's claim for alienation of affection and **DENIED IN PART** to the extent that it requests dismissal of Plaintiff's action against Starwood in its entirety**.**

---

[60] *Beanal v. Freeport-McMoran, Inc,* 197 F.3d 161, 164 (5th Cir. 1999).

[61] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn*., 706 F.2d 638, 640 (5th Cir. 1983).

[62] Rec. Doc. 16.

**IT IS FURTHER ORDERED** that Plaintiff is granted fourteen days to file a more definite statement. Specifically, Plaintiff is granted leave to: (1) advise the Court of the date that the injury occurred; (2) identify any actions, if any, which could have prevented Plaintiff from discovering the injury; and (3) advise the Court if Plaintiff is making any claim not in tort or delictual in nature.

**NEW ORLEANS, LOUISIANA**, this __8th__ day of August, 2017.

_Nannette Jolivette Brown_
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**