# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **THOMAS D'AQUIN** | **CIVIL ACTION** |
| **VERSUS** | **NO. 16-12798** |
| **STARWOOD, et al.** | **SECTION: "G"(4)** |

## ORDER

Before the Court is Defendant Starwood Hotels & Resorts Worldwide, LLC's ("Starwood") Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12.[1] This motion was filed on August 23, 2017 and set for submission on September 13, 2017.[2] Having considered the motion, the memorandum in support, the Court's previous order, and the applicable law, the Court will grant the motion.

## I. Background

In his original and amended complaints, Plaintiff, a *pro se* litigant, appears to allege that his spouse slipped on water leaking from a toilet in a hotel room at the Westin Hotel in Memphis, Tennessee, which Plaintiff alleges was managed by Defendants Starwood and Senate Hospitality.[3] Plaintiff further alleges that his spouse sustained serious injuries as a result of the fall.[4] Additionally, Plaintiff alleges that he was treated poorly by Defendants

---

[1] Rec. Doc. 28.

[2] Rec. Doc. 28-2.

[3] Rec. Doc. 6 at 1; *see also* Rec. Doc. 1 at 2.

[4] Rec. Doc. 6 at 2.

1

because of the color of his spouse's skin.⁵ Because of the accident, Plaintiff alleges, his spouse returned to England to receive treatment for her injuries, where she has been for 13 months.⁶ Plaintiff appears to allege that the separation from his spouse has caused "the breakup of the marriage" and homelessness because he cannot be with his spouse.⁷ Plaintiff seeks to recover $10 million per defendant "for pain and suffering, deprivation of rights [,][l]oss of ability to continue life's work and permanent homelessness rehabilitation and what amounts into terms of laws in 9 states alimentation [*sic*] of affection."⁸

Plaintiff filed the complaint in this matter on July 15, 2016, and filed an amended complaint on September 8, 2016, before Defendants had filed an answer or motion to dismiss.⁹ On October 31, 2016, the Court granted Defendant Senate Hospitality Group, LLC's motion to dismiss for failure to state a claim.¹⁰ On August 8, 2017, this Court granted in part Defendant Starwood's "Motion to Dismiss Pursuant to Fed. R. Civ. P. 12"¹¹ to the extent that it requested dismissal of Plaintiff's claim for "alienation of affection."¹² However, the Court also granted Plaintiff 14 days leave to file a more definite statement regarding any potential remaining claims.¹³ The Court specifically granted Plaintiff leave to "(1) advise the Court of the date that the injury occurred; (2)

---

⁵ Rec. Doc. 1 at 1.

⁶ Rec. Doc. 1 at 2.

⁷ Rec. Doc. 6 at 2.

⁸ *Id.*; *see also* Rec. Doc. 1 at 3.

⁹ Rec. Docs. 1, 6.

¹⁰ Rec. Doc. 18.

¹¹ Rec. Doc. 16.

¹² Rec. Doc. 25.

¹³ *Id.*

identify any actions which could have prevented Plaintiff from discovering the injury; and (3) advise the Court if Plaintiff is making any claim not in tort or delictual in nature."[14] Since the order granting Plaintiff leave to file a more definite statement, Plaintiff has not filed any amendment or supplement to his complaint. The pending, unopposed motion was filed by Starwood on August 23, 2017.[15]

## II. Party's Arguments

Defendant Starwood first argues that Plaintiff's claims should be dismissed entirely, since Plaintiff did not timely amend his complaint as ordered by the Court.[16] Starwood asserts that it is adopting and incorporating by reference the arguments it made in support of its original motion to dismiss.[17]

Starwood then "further emphasizes" its argument that Plaintiff "has failed to 'state a claim for relief that is plausible on its face' as to Starwood."[18] Starwood asserts that Plaintiff's pleadings "do not identify the specific conduct, if any, he attributes to Starwood as opposed to the other, now-dismissed defendants."[19]

Moreover, Starwood avers, "even if [Plaintiff's] claims are viewed as alleging a loss of consortium based on acts or omissions attributable to Starwood," Plaintiff's "actual loss," which was his separation from his wife, occurred 13 months prior to filing suit.[20] Thus, Starwood argues,

---

[14] *Id.*

[15] Rec. Doc. 28.

[16] Rec. Doc. 28-1 at 2.

[17] *Id.*

[18] *Id.*

[19] Rec. Doc. 28-1 at 3 n.1.

[20] *Id.* at 3.

3

whether "alienation of affection or loss of consortium," Plaintiff's claims are prescribed.[21]

### III. Law and Analysis

#### A. *Legal Standard*

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[22] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[23] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[24] "Factual allegations must be enough to raise a right to relief above the speculative level."[25] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[26]

On a motion to dismiss, asserted claims are liberally construed in favor of the claimant, and all facts pleaded are taken as true.[27] However, although required to accept all "well-pleaded facts" as true, a court is not required to accept legal conclusions as true.[28] "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."[29]

---

[21] *Id.*

[22] Fed. R. Civ. P. 12(b)(6).

[23] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[24] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2008)).

[25] *Twombly*, 550 U.S. at 556.

[26] *Id.* at 570.

[27] *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *see also Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322–23 (2007).

[28] *Iqbal*, 556 U.S. at 677–78.

[29] *Id.* at 679.

Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[30] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[31] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[32] From the face of the complaint, there must be enough factual matter to raise a reasonable expectation that discovery will reveal evidence as to each element of the asserted claims.[33] If factual allegations are insufficient to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an "insuperable" bar to relief, the claim must be dismissed.[34]

Pursuant to Louisiana Civil Code article 3492, tort claims are subject to a one-year prescriptive period.[35] This period "commences to run from the day injury or damage is sustained."[36] The Fifth Circuit has also instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief."[37]

---

[30] *Id.* at 678.

[31] *Id.*

[32] *Id.*

[33] *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009).

[34] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[35] La. Civ. Code Art. 3492.

[36] *Id.*

[37] *Abdul-Alim Amin v. Universal Life Ins. Co. of Memphis, Tenn.*, 706 F.2d 638, 640 (5th Cir. 1983).

Finally, pleadings and briefs of *pro se* litigants are interpreted liberally "to afford all reasonable inferences which can be drawn from them."[38]

*B. Analysis*

Starwood argues that Plaintiff's action should be dismissed pursuant to 12(b)(6) because Plaintiff's claims are prescribed on the face of the complaint.[39] A claim is facially plausible when the plaintiff has pleaded facts that allow the court to "draw a reasonable inference that the defendant is liable for the misconduct alleged."[40] Moreover, pursuant to Louisiana Civil Code article 3492, tort claims are subject to a one-year prescriptive period.[41] This period "commences to run from the day injury or damage is sustained."[42] Finally, the Fifth Circuit has also instructed that a Rule 12(b)(6) motion to dismiss on the basis of prescription should not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."[43]

Here, Plaintiff asserts that his wife has been in England receiving treatment for her injury for 13 months.[44] Since Plaintiff is asserting a tort claim for loss of consortium due to his wife leaving the country over one year ago, it appears that Plaintiff's claim prescribed.[45] In fact, the

---

[38] *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n.4 (5th Cir. 2010) (citing *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002)).

[39] *See* Rec. Doc. 28-1 at 3.

[40] *Id.* at 570.

[41] La. Civ. Code Art. 3492.

[42] *Id.*

[43] *Abdul-Alim Amin*, 706 F.2d at 640.

[44] Rec. Doc. 1 at 2.

[45] La. Civ. Code art. 3492.

Court previously stated that Plaintiff's complaint can be interpreted as prescribed on its face.[46] However, acknowledging Plaintiff's *pro se* status, as well as the Fifth Circuit's instruction that a motion to dismiss under 12(b)(6) "is viewed with disfavor," the Court granted Plaintiff 14 days "leave to (1) advise the Court of the date that the injury occurred; (2) identify any actions, if any, which could have prevented Plaintiff from discovering the injury; and (3) advise the Court if Plaintiff is making any claim not in tort or delictual in nature."[47]

Following the Court's order, Plaintiff has not amended his complaint, timely or otherwise. Since Plaintiff's complaint appears to only assert a loss of consortium claim resulting from a 13-month old event, there is no set of facts in the complaint that would entitle him to relief. As a result, Plaintiff has not alleged any additional facts that show that his complaint should not be interpreted as prescribed on face.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant "Starwood's Second Motion to Dismiss Pursuant to Fed. R. Civ. P. 12" is **GRANTED**.

**NEW ORLEANS, LOUISIANA**, this 16th day of October, 2017.

_____
NANNETTE JOLIVETTE BROWN
UNITED STATES DISTRICT JUDGE

---

[46] *See* Rec. Doc. 25 at 8.

[47] *Id.* at 10.